IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL P. KING,<br>　　　　　Petitioner, | :<br>:<br>: |
| v. | : 　Civ. No. 17-3540 |
| LAWRENCE P. MAHALLY, et al.,<br>　　　　　Respondents. | :<br>:<br>:<br>: |

# **O R D E R**

State prisoner Michael King seeks *habeas* relief, alleging due process violations, prosecutorial misconduct, and ineffective assistance. (Doc. No. 1); 28 U.S.C. § 2254. I referred his Petition to Magistrate Judge Linda Caracappa, who recommends denying relief. (Doc. No. 22.) On June 26, 2019, King asked for additional time to respond to Judge Caracappa's Report. (Doc. No. 21.) I ordered him to file objections by July 27, 2019. (Doc. No. 25.) King has failed to do so. (Doc. No. 26.) As no objections to the Report and Recommendation have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).

Having reviewed the Report, I see no errors. King bases his due process claim on state court evidentiary rulings, which are not cognizable on *habeas* review and do not otherwise impugn any federal rights. See Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Davis v. Washington, 547 U.S. 813, 823 (2006) (the Confrontation Clause applies only to *testimonial* hearsay). To the extent King challenges purportedly inflammatory language and testimony presented at trial, I agree with Judge Caracappa that King did not fairly present those

claims in state court, rendering them unexhausted and procedurally defaulted. See Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

King also raises several instances of prosecutorial misconduct. (§ 2254 Pet., Doc. No. 1.) I agree with Judge Caracappa, however, that the Pennsylvania Supreme Court reasonably rejected these misconduct claims. 28 U.S.C. § 2254(d); Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974) (prosecutorial misconduct constitutes a constitutional violation only when the comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process"); United States v. Welshans, 892 F.3d 566, 574 (3d Cir. 2018) (same).

King next argues that his first trial counsel should have advised him to plead guilty. (§ 2254 Pet., Doc. No. 1.) King did not, however, raise this claim in state court. See Tome v. Stickman, 167 F. App'x 320, 322 (3d Cir. 2006) ("A state prisoner must exhaust his state court remedies before a federal court may grant him habeas relief." (quotation omitted)); see also McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999). Nor has he shown that this claim has "some merit," or that his PCRA counsel's failure to raise this claim fell below an objective standard of reasonableness. See Workman v. Superintendent Albion SCI, 915 F.3d 928, 941 (3d Cir. 2019) (citing Martinez v. Ryan, 566 U.S. 13–19 (2012)); see also Miller-El v. Cockerell, 537 U.S. 322, 327 (2003). To the contrary, as Judge Caracappa observes, King has consistently maintained his innocence, thus failing to establish a reasonable probability that, but for counsel's "ineffectiveness," he would have pleaded guilty. See United States v. Seeley, 574 F. App'x 75, 80 (3d Cir. 2014); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Finally, King argues that his second trial counsel should have discussed the possibility of a plea deal with him. Although King raised this claim in state court, the PCRA Court denied it as meritless. I agree with Judge Caracappa that this ruling warrants deference. 28 U.S.C. § 2254(d).

2

Indeed, the record shows that the Government never raised the possibility of a plea deal with King's second counsel.

In these circumstances, I will adopt Judge Caracappa's Report and Recommendation and deny King's request for relief.

**AND NOW**, this 1st day of August, 2019, upon careful and independent consideration of Michael King's Petition for Writ of Habeas Corpus (Doc. No. 1), the Commonwealth's Response to King's Petition (Doc. No. 17), Judge Linda Caracappa's Report and Recommendation (Doc. No. 22), to which there are no objections (Doc. No. 26), and available state court records, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 22) is **APPROVED and ADOPTED**;

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED with prejudice**;

3. A Certificate of Appealability shall **NOT ISSUE**. See 28 U.S.C. § 2253(c)(1)(A); Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

4. The **CLERK OF COURT** shall **CLOSE** this case.

                                                     **AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

August 1, 2019                                                         Paul S. Diamond, J.