IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL P. KING,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 17-3540 |
| : | |
| **LAWRENCE P. MAHALLY,** *et al.*, : | |
| Respondents. : | |

# O R D E R

State prisoner Michael P. King, proceeding *pro se*, petitions for habeas relief. (Doc. No. 1); 28 U.S.C. § 2254. Magistrate Judge Caracappa recommended denying the Petition. (Doc. No. 22.) King has filed Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 28.) I will overrule the Objections and deny relief.

I.  BACKGROUND

On July 24, 2009, King, driving a red pickup truck, and his passenger co-defendant approached Gregory Smith. (Doc. No. 22 at 1-2.) A witness saw the co-defendant point a gun at Smith and shoot him nine times. (Id. at 2.) Remarkably, Smith was not killed. Police pursued the truck, which eventually crashed. (Id. at 3.) After chasing King on foot, police caught and arrested him. (Id. at 4.) Police recovered some two pounds of marijuana from the truck. (Id. at 6.)

On May 4, 2010, a Philadelphia Common Pleas Court jury convicted King of aggravated assault, conspiracy to commit murder, possession of a controlled substance with intent to deliver, and fleeing police. (Id. at 1.) He was sentenced to twenty-three and a half to forty-seven years' imprisonment. (Id. at 30.)

The Pennsylvania Superior Court rejected King's direct appeal. (Id.) The Pennsylvania Supreme Court denied *allocatur*. (Id. at 8.)

King next filed a *pro se* petition under the Pennsylvania Conviction Relief Act. (Id.); 42 Pa. C.S. § 9541. After appointed counsel filed an amended PCRA petition, the court granted King's request again to proceed *pro se*. (Id.) On March 15, 2015, the PCRA Court dismissed King's petition. (Id. at 9.) On October 5, 2016, the Superior Court affirmed. (Id. at 9.)

On August 2, 2017, King filed the instant *pro se* § 2254 Petition, which Respondents oppose. (Doc. Nos. 1, 17.) In her Report and Recommendation, Judge Caracappa recommends denying relief. (Doc. No. 22.) King has filed Objections, which Respondents oppose. (Doc. Nos. 28, 30.)

## II.   STANDARD OF REVIEW

In reviewing the Magistrate Judge's Report and Recommendation, I must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). I may "accept, reject, or modify, in whole or in part" the Magistrate Judge's findings or recommendations. Id. As to those portions to which no objections have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; see Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections have been made).

## III.   OBJECTIONS

In his Petition, King alleged that: (1) his due process rights were violated by the introduction of three pieces of evidence at trial, (2) his due process rights were again violated by prosecutorial misconduct, (3) his first trial counsel provided ineffective assistance, and (4) his second trial counsel provided ineffective assistance. (Doc. No. 1.) In his Objections, King challenges only the Magistrate Judge's rejection of his due process allegations (Claims 1 and 2).

(Doc. No. 28.)  King urges that a Certificate of Appealability should issue.  (Id.)

### A.     Claim 1

In his Petition, King challenged: (1) police testimony admitted under Pennsylvania's "excited utterance" hearsay exception; (2) the prosecutor and witnesses' references to the shooting as a "drive-by," and (3) the prosecutor's opening statement and a detective's testimony that Gregory Smith and his brother refused to cooperate with police.  (Doc. No. 1.)  The Magistrate Judge ruled that King's excited utterance argument is non-cognizable and meritless and King's remaining arguments procedurally defaulted.  (Doc. No. 22 at 15-22.)

#### Excited Utterance

A police officer testified at trial that at the scene of the Smith shooting, people were yelling "get the red truck."  (Doc. No. 22 at 16.)  The trial court admitted the testimony as an "excited utterance" under Pennsylvania law, and the Superior Court affirmed.  (Id.); Pa. R. Evid. 803(2)).  King argued to the Magistrate Judge that the trial judge erroneously admitted the excited utterance as a hearsay exception and that this violated federal due process.  I agree with the Magistrate Judge that the claim is non-cognizable.  (Doc. No. 28.)

The trial court made it clear that its decision to allow the statement "get the red truck" was based solely on Pennsylvania law.  Trial Ct. Op., 4/20/2011 at 12-14 (citing Commw. v. Jones, 912 A.3d 268, 282 (Pa. 2006); Pa. R. Evid. 803(2)).  Additionally, King cites only Pennsylvania law to support his Objection that the crowd's urging the police to "get the red truck" was not an excited utterance.  (Doc. No. 28.)  Because King's challenge is based solely on state law, and because I may not "reexamine state-court determinations on state-law questions," I will overrule this Objection.  Estelle v. McGuire, 502 U.S. 62, 67 (1991).

#### The "Drive-by" Shooting and Victim's Refusal to Cooperate

King argued that references by the prosecutor and witnesses to a "drive-by" shooting

"inject[ed] inflammatory images into the trial," and that references to the refusal of Gregory Smith and his brother to cooperate with police implied that "there were additional potential inculpatory witnesses." (Doc. No. 1.) The Magistrate Judge deemed both these due process claims procedurally defaulted because King had failed to raise them on direct appeal. (Doc. No. 22 at 22.) King objects, noting that in his Superior Court brief, he argued: "In sum, individually and cumulatively, the various evidentiary errors of the trial court deprived appellant of a fair trial." (Doc. No. 28.); (see Doc. No. 17, Exhibit G (Direct Appeal Brief at 7.)) I agree with the Magistrate Judge that King did not raise a federal due process claim on appeal.

"Exhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)) (internal quotations omitted). The Duncan Court held that because the petitioner failed to inform the state courts that his appeal invoked both federal and state law claims, he had not "fairly presented" his federal challenge and so had failed to exhaust. Id. at 366.

In his Superior Court brief, King cited only state law to support his claim that he was denied a fair trial. (See Doc. No. 17, Exhibit G (Direct Appeal Brief at 7.)) Because Pennsylvania's constitution has a fair trial provision, it is apparent that King had only raised state fair trial claims. PA. CONST. art. 1, § 9. Indeed, the Superior Court considered King's claims as brought under state law alone. Commonwealth v. King, 3287 EDA 2010 at 3 (Pa. Super. 2012). Because King did not "fairly present" his federal claims in the state court, the Magistrate Judge correctly concluded that King's claims are procedurally defaulted.

B.     **Claim 2**

King urged that the prosecutor violated due process when he: (1) suggested a motive for the shooting without record support; (2) emphasized the need to get violent criminals off the street; and (3) criticized defense counsel.  (Doc. No. 1.)  King objects to the Magistrate Judge's rejection of these contentions.  (Doc. No. 28.)

On § 2254 review, state court decisions are afforded considerable deference.  28 U.S.C. § 2254(d)-(e)(1).  To form a basis for relief, prosecutorial misconduct must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974).  The district court "must examine the prosecutor's offensive actions in context and in light of the entire trial."  Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001).  The district court may consider whether the prosecutor was responding to defense counsel's arguments. Fahy v. Horn, 516 F.3d 169, 202 (3d Cir. 2008) ("the fact that a prosecutor's comment was invited [by the defense's closing argument] may have a mitigating effect on the impact that comment might otherwise have on a jury.").

**Inferences about Motive**

King argued the trial court erroneously allowed the prosecutor at closing to infer a motive for the Smith shooting:

> Now, in a criminal case like this, not every question is going to be answered. Not every question has to be answered. But we know that [King] is a drug dealer. That he had almost two pounds of weed in that truck in the back of the car with a street value of over $9,000. So we know that he's a drug dealer. Do I have an actual concrete motive? No. But I can infer it was probably something over drugs.

(Doc. No. 22 at 25.)  King argued this inference lacked support in the trial record and that it prejudiced the jury.  (Doc. No. 1.)

The Magistrate Judge properly rejected this claim, as did the trial and Superior Courts.  (Doc. No. 22 at 23.)  I agree with the Magistrate Judge that the prosecutor's

statement did not "so infect[] the trial…as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643.

### Prosecutor's Statement about "Violent Criminals"

In his closing, the prosecutor said: "What do we know about Officer Moore? Officer Moore did a great job in this case. And these officers should be commended for getting two violent people…who are willing to do a drive-by shooting in broad daylight and getting them off our streets." (Doc. No. 22 at 26.) King objects to the Magistrate Judge's determination that these remarks did not violate due process. (Doc. No. 22 at 27.)

I agree with the Magistrate Judge. The prosecutor's statement was a reasonable and direct response to defense counsel pejoratively describing officers as "rookies." Id. at 27. In any event, the remark did not violate due process.

### Prosecutor's Remarks about Defense Counsel

During closing argument, the prosecutor said: (1) "[Defense counsel is] doing their job and they try to do everything they can to distract you from the strong evidence in this case; and (2) "I want to talk about the ballistics evidence at the scene because I think [defense counsel] did the best he could to try to confuse it." (Doc. No. 22 at 28.) King objects to the Magistrate Judge's determination that the comments did not violate due process. (Doc. Nos. 22, 28.)

I agree with the Magistrate Judge. The remarks did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly, 416 U.S. at 643.

### C. Certificate of Appealability

Finally, King challenges the Magistrate Judge's conclusion that "there is no probable cause to issue a certificate of appealability." (Doc. Nos. 1, 22 at 34.) "A certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).  To satisfy § 2253(c)(2), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For the reasons I have discussed, reasonable jurists would not debate the correctness of my ruling or that of the Magistrate Judge.  Accordingly, I agree that a Certificate of Appealability will not issue.

## IV. CONCLUSION

I agree with Judge Caracappa's Report and Recommendation (Doc. No. 22), having reviewed it in its entirety.  Accordingly, I will overrule King's Objections and accept and adopt the Report and Recommendation.

\*   \*   \*

**AND NOW**, this 13th day of October, 2021, upon careful and independent consideration of Michael King's Petition for Writ of Habeas Corpus (Doc. No. 1), the Commonwealth's Response to Petition for Writ of Habeas Corpus (Doc. No. 17), Magistrate Judge Caracappa's Report and Recommendation (Doc. No. 22), Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 28), the Commonwealth's Response to Petitioner's Objections to Report & Recommendation (Doc. No. 30), and available state court records, it is hereby **ORDERED** that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED with prejudice**;

2. The Magistrate Judge's Report and Recommendation (Doc. No. 22) is **APPROVED AND ADOPTED**;

3. There are no grounds on which to issue a Certificate of Appealability; and

4. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

_/s/ Paul S. Diamond_
Paul S. Diamond, J.